IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | |
| HUSSAM HAWI | Case No. 1:21-mj-64 |
| and | |
| RACHA FARHAT, Defendants. | **UNDER SEAL** |

GOVERNMENT'S MOTION TO SEAL CRIMINAL COMPLAINT, SUPPORTING
AFFIDAVIT AND MOTION TO SEAL PURSUANT TO LOCAL RULE 49(B)

The United States, by and through undersigned counsel, pursuant to Local Rule 49(B) of

the Local Criminal Rules for the United States District Court for the Eastern District of Virginia,

asks for an Order to Seal the criminal complaint, supporting affidavit, the arrest warrants, as well

as the motion to seal and accompanying order, until either defendant's initial appearance before a

magistate judge in the Eastern District of Virginia, or until further Order of this Court. The

government respectfully moves for the complaint, complaint affidavit, and arrest warrants to

remain sealed until this time, with the exception that the complaint, complaint affidavit, and

arrest warrants are unsealed for the limited purpose of disclosing and/or dissemeninating them to

the relevant federal, state, and/or local authorities in connection with efforts to prosecute the

defendants or to secure the defendants' arrest.

I.   **REASONS FOR SEALING** (Local Rule 49(B)(1))

1.    The Federal Bureau of Investigation (FBI) is investigating the defendants for tax

and money laundering offenses. Specifically, Racha Farhat is involved in a money laundering

network involving the proceeds of violations of the International Emergency Economic Powers Act (IEEPA). She and other co-conspirators receive money from Lebanon through a variety of concealed means, purchase electronic and other equipment in the US, and then ship the goods back to Lebanon, where they are supplied to Al Manar TV and other entities. Al Manar TV is a prohibited entity under IEEPA. It is owned and operated by Hezbollah, a designated foreign terrorist organization. Racha Farhat's husband, Hussam Hawi, has helped her cover up her money laundering. The FBI, working with IRS, has also discovered evidence that Racha Farhat and Hussam Hawi are committing tax offenses by failing to disclose Racha Farhat's wages to the IRS.

      2.      Premature disclosure of the charges against the defendants potentially jeopardizes the safety of law enforcement, and might cause the defendants to flee, destroy evidence, and/or notify co-conspirators.

## II.     REFERENCES TO GOVERNING CASE LAW (Local Rule 49(B)(2))

      3.      The Court has the inherent power to seal complaints, affidavit in support of complaints and warrants. *See United States v. Wuagneux*, 683 F.2d 1343, 1351 (11th Cir. 1982); *State of Arizona v. Maypenny*, 672 F.2d 761, 765 (9th Cir. 1982); *Times Mirror Company v. United States*, 873 F.2d 1210 (9th Cir. 1989); *see also Shea v. Gabriel*, 520 F.2d 879 (1st Cir. 1975); *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980); *In re Braughton*, 520 F.2d 765, 766 (9th Cir. 1975). "The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Sealing the complaint, affidavit in support of the complaint and warrant is appropriate where there is a substantial probability that the release of the sealed documents would compromise the government's on-going investigation severely. *See e.g., In re Search Warrant for Secretarial Area Outside Office of Gunn*, 855 F.2d

569, 574 (8th Cir. 1988); *Matter of Eye Care Physicians of America*, 100 F.3d 514, 518 (7th Cir.

1996); *Matter of Flower Aviation of Kansas, Inc.*, 789 F.Supp. 366 (D. Kan. 1992).

**III.     PERIOD OF TIME GOVERNMENT SEEKS TO HAVE MATTER REMAIN UNDER SEAL** (Local Rule 49(B)(3))

4.      The complaint, affidavit in support of the complaint and warrants would need to

remain sealed until at least one of the defendants makes an initial appearance pursuant to Rule 5

of the Federal Rules of Criminal Procedure; or, until the United States moves to unseal the

complaint, affidavit in support of the complaint and warrant prior to the defendants' initial

appearance.

5.      The United States has considered alternatives less drastic than sealing and has

found none that would suffice to protect this investigation. The United States will move to unseal

the documents before they are set to become automatically unsealed if it determines that

circumstances warrant such action.

WHEREFORE, the United States respectfully requests that the complaint, affidavit in

support of the complaint and warrant, and this Motion to Seal and proposed Order be sealed until

either defendant makes an initial appearance pursuant to Rule 5 of the Federal Rules of Criminal

Procedure, or until further Order of this Court.

Respectfully submitted,

Raj Parekh
Acting United States Attorney

Date: <u>February 24, 2021</u>                    By:     _____
Anthony T. Aminoff
Assistant United States Attorney

3